THE PEEKSKILL NATIONAL BANK AND TRUST COMPANY, Respondent, v. MARY W. MOTO and MIKADO INN, INC., Appellants.— In a judgment creditor's action, judgment for plaintiff setting aside conveyances as fraudulent and void unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

JACOB D. TOBIAS, Appellant, v. CALIFORNIA BUILDING COMPANY, INC., Respondent, and Another, Defendant.— Action to recover for personal injuries sustained by plaintiff when he fell into an elevator shaft. Plaintiff sued the owner of the building and the tenant and the tenant's assignee for the benefit of creditors. The court dismissed the complaint against all the defendants and plaintiff appeals from the judgment in favor of the owner and tenant but presses his appeal from the judgment only in so far as it dismisses his complaint against the owner. Judgment in so far as it is in favor of California Building Company, Inc., unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

# FOURTH DEPARTMENT, DECEMBER, 1936.
## (December 23, 1936.)

ANNA NASCA, as Administratrix, etc., of NICHOLAS NASCA, Deceased, Appellant, v. ST. MARY'S ROMAN CATHOLIC CHURCH SOCIETY OF DUNKIRK, NEW YORK, Respondent.— Upon reargument, judgment reversed on the law, and new trial granted, with costs to the appellant to abide the event. Per Curiam memorandum: Mahoney, defendant's janitor, is claimed by plaintiff to have represented defendant in negotiating the contract and in carrying on the work. If this claim be correct Mahoney was an interested witness and under the well established rule his credibility was subject to the scrutiny of the jury. Respondent's contention that section 240 of the Labor Law applies to a relationship of employer and employee but not to that of owner and independent contractor is not sound. (Lester v. Graham, 157 App. Div. 651.) We are of the opinion that the question whether Mahoney, in obtaining and furnishing the scaffold, represented defendant or a copartnership composed of decedent and his associates as an independent contractor was fairly for the determination of the jury under all the testimony. Therefore, the direction of the verdict was erroneous. All concur. (The judgment is for defendant in an action for damages for death of intestate caused by a defective scaffold.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ. [See 248 App. Div. 944; ante, p. 710.]